IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, <br>     Plaintiff <br><br> v. <br><br> HARRY J. DARRAH, JR., t/a DARRAH'S AUTOMOTIVE AND RECYCLING; ESTATE OF HARRY J. DARRAH., JR., Deceased; NEIL ALBERT, ESQ., as Administrator of the Estate of Harry J. Darrah, Jr., Deceased; and JOSEPH STINE, <br>     Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL NO. 1:11-CV-1539 |

*M E M O R A N D U M*

I. *Introduction*

      We are considering Plaintiff's motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. This is a diversity action controlled by Pennsylvania law. Plaintiff, Western Heritage Insurance Company, seeks a declaratory judgment that it has no duty to defend or indemnify defendants, the Estate of Harry J. Darrah, Jr.; Neil Albert, Esq., the administrator of the Estate of Harry J. Darrah, Jr.; and Harry J. Darrah, Jr., t/a Darrah's Automotive and Recycling, in a civil suit in the Court of Common Pleas of York County, Pennsylvania. The plaintiff in that state-court action, Joseph Stine, has also been named as a defendant here. He sued to recover for serious personal injuries he suffered, including scarring and disfigurement, while he was working on premises controlled by the "Darrah Defendants."[1]

---

[1] The "Darrah Defendants," as Stine defines them in his state-court complaint, are members of the Darrah family and businesses they operated at the premises. The Darrah Defendants include Harry J. Darrah, Jr., deceased, and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling. The administrator of the Estate of Harry J. Darrah, Jr. was named as a defendant in that action.

II.  *Procedural History*

This is the second time the parties have been before us litigating whether Western Heritage must defend and indemnify the Estate or Harry J. Darrah, Jr., t/a Darrah's Automotive and Recycling in the Stine litigation.  In the previous case, we ruled that Stine's allegations in his first amended state-court complaint did not fall within the scope of Western Heritage's policy, and we entered a declaratory judgment in its favor.  *Western Heritage Ins. Co. v. Harry J. Darrah, Jr., t/a Darrah's Automotive and Recycling*, No. 10-476, 2010 WL 4780955 (M.D. Pa. Nov. 17, 2010).  That case is now on appeal in the Third Circuit.  C.A. No. 10-4663.

After our ruling, Stine filed in the state-court action a second amended complaint on May 11, 2011, altering the allegations that bear on whether Western Heritage has to provide coverage.  The Western Heritage policy provides coverage for an automobile dismantling and recycling operation, but Stine's previous pleading had only alleged he was injured while repairing a vehicle in the repair/body shop.  His second amended state-court complaint attempts to tie his injury to the policy's coverage by adding new allegations.  He now adds that the repair/body shop is used in the dismantling and recycling operation, and in several paragraphs of his new pleading he adds the italicized language that he was injured while "working on repairing a vehicle in the repair/body shop *in use in auto dismantling and recycling operations* . . . ."  (See e.g., Doc. 2-2, second amended state-court complaint ¶ 72).

Stine's new state-court pleading prompted plaintiff Western Heritage to file this second declaratory-judgment action.  Defendants then filed two motions to dismiss, one by the estate; attorney Albert, the administrator of the estate, and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling, and the other by Stine (although Stine simply adopted the arguments made by the other defendants).  Among other

2

things, they argued that Plaintiff was not entitled to a declaratory judgment denying coverage because the allegations of the second amended state-court complaint brought Stine's claim within the coverage provided by Western Heritage. On May 23, 2012, we denied both motions, concluding that Stine's new state-court complaint still did not bring his claim within Plaintiff's duty to defend or indemnify and hence Western Heritage could still be entitled to a declaratory judgment. *Western Heritage Ins. Co. v. Harry J. Darrah, Jr., t/a Darrah's Automotive and Recycling*, No. 11-1539, 2012 WL 1886665, at *4 (M.D. Pa. May 23, 2012).

As noted, we now have before us the plaintiff insurer's motion for judgment on the pleadings. That motion makes the following arguments: (1) even under the new state-court complaint, Stine still has not made a claim within the scope of the policy's coverage that requires either a duty to defend or indemnify; (2) the Employer's Liability exclusion excludes coverage because Stine is an employee of the Named Insured; (3) Harry J. Darrah, Jr., is not the Named Insured and does not qualify as an insured in his individual capacity for the claims made against him; (4) the doctrine of collateral estoppel bars the defendants from seeking defense or coverage under the policy as the issue was already litigated in the prior declaratory-judgment action; and (5) Pennsylvania law on artful pleading bars Defendants from seeking defense or coverage because Stine's second amended state-court complaint represents an attempt to evade our ruling in the previous declaratory-judgment action.

III. *Standard of Review*

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed –- but early enough not to delay trial –- a party may move for judgment on the pleadings." To be successful on a Rule 12(c) motion, the moving party must establish that "'no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

3

law.'" *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008)(quoted case omitted). "'[W]e must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.'" *Id.* (quoted case omitted)(brackets added). In deciding the motion, we may also consider documents attached to the complaint. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011).

IV. *Background*

### A. *The Pertinent Policy Language*

The Western Heritage policy is a commercial general liability insurance policy providing coverage for bodily injury or property damage "that the insured becomes legally obligated to pay as damages." (Doc. 1-4, Compl., Ex. C, the Western Heritage policy, ECF p. 14). The Declarations page lists as the "Named Insured" "Harry J. Darrah, Jr t/a Darrah's Automotive and Recy[c]ling" with an address at 535 Prospect Street, York, Pennsylvania. (*Id.*, ECF p. 3). The policy period ran from May 9, 2004, to May 9, 2005. (*Id.*).

Item 4 on the Declarations page includes a description of the business as "Auto Sales/Salvage & Repair Garage." However, an endorsement, effective August 8, 2004, amended that description to "Auto Dismantling and Recycling Operations."[2] The endorsement is entitled "Limitation of Coverage to Designated Premises or Project." Underneath this title, the endorsement reads: "This endorsement modifies insurance provided under the following: Commercial General Liability Coverage Part." Below this language is the title "Schedule" and two boxes, one for listing "Premises"

---

[2] A previous endorsement on the same date limited coverage to auto dismantling only.

4

and the other for listing a "Project." The "Premises" box is empty. The "Project" box reads: "Auto Dismantling and Recycling Operation." Underneath the boxes, the endorsement reads: "If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement." The endorsement then provides:

> This insurance applies only to "bodily injury", "property damage" . . . and medical expenses arising out of:
>
> 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
>
> 2. The project shown in the Schedule.

(*Id.*, ECF p. 9).

Item 4 on the Declarations page also asked that a check be placed in one of four check boxes that correspond to the type of business the Named Insured was. The options were: "Individual," "Partnership or Joint Venture," "Limited Liability Company," or "Other." The "Other" box was checked. (Doc. 1-4, Compl., Ex. C, the Western Heritage policy, ECF p. 3).

### B. *The State-Court Action*

In his state-court action, Stine alleges the following in his second amended complaint. Harry J. Darrah, Jr, along with family members, traded and did business as several business entities, the "Darrah Defendants." (Doc. 1-2, Ex. A, state-court second amended complaint ¶¶ 21-30). These business entities "owned, controlled, maintained, co-owned, and/or possessed the premises located at 535-547 E. Prospect Street, York, Pennsylvania . . . ." (*Id.* ¶ 33). "[T]he Darrah Defendants operated and maintained the premises as a business performing automobile sales, repairs, salvages, and recycling, among other things." (*Id.* ¶ 34). Stine was an

5

employee of Darrah's Automotive and Recycling, Inc. "and was on the Darrah Defendants' premises for purposes of his employment, and was a business visitor/business invitee on the premises." (*Id.* ¶ 35, ECF p. 9).[3]

The complaint further alleges:

    46. At all times relevant hereto, the Darrah Defendants knew that the repair/body shop on the premises was an area where mechanics employed by Darrah's Automotive and Recycling, Inc. routinely worked.

    47. The repair/body shop on the premises was used in auto dismantling and recycling operations in that autos were dismantled in the repair/body shop and parts removed from autos in the repair/body shop were recycled, and recycled parts were used in the repair/body shop.

. . . .

    64. On November 26, 2004, the Darrah Defendants provided Plaintiff with a droplight that was not safe for use in an automobile repair/body shop in use in auto dismantling and recycling operations.

. . . .

    70. On November 26, 2004, Plaintiff . . . was working as a mechanic in the repair/body shop in use in auto dismantling and recycling operations on the Darrah Defendants' premises.

    71. At all times relevant hereto, Plaintiff was required by virtue of his employment to be working in the repair/body shop in use in auto dismantling and recycling operations and using the equipment supplied by Defendants, including the subject Droplight.

    72. On November 26, 2004, Plaintiff . . . was working on repairing a vehicle in the repair/body shop in use in auto dismantling and recycling operations at the Darrah Defendants' premises, and was using the droplight to illuminate the area of his work.

---

[3] Darrah's Automotive and Recycling, Inc. is not listed as one of the "Darrah Defendants." As noted, the Named Insured on the policy is "Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling," without the corporate designation.

6

> 73. On November 26, 2004, Plaintiff's co-worker cleared a vehicle's fuel line with a compressed air hose causing the contents of the vehicle's fuel line to spray on the droplight and break the droplight's bulb, igniting gasoline around Plaintiff.

(*Id.* ¶¶ 46-47, 64, 70-73, ECF pp. 7, 9,). As a result, Plaintiff suffered severe injuries, including burns, scarring and disfigurement. (*Id.* ¶¶ 79-80, ECF p. 10).[4] Stine alleges that the Darrah Defendants were negligent in their maintenance and control of the premises and in giving him the droplight to work with.[5]

V. *Discussion*

    A. *The Duty to Defend*

In Pennsylvania, "an insurer's duty to defend and indemnify" its insured is "determined solely from the language of the complaint against the insured." *Kvaerner Metals Div. v. Commercial Union Ins. Co.*, 589 Pa. 317, 331, 908 A.2d 888, 896 (2006). *See also Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 595-96 (3d Cir. 2009) (quoting *Kvaerner*). "[T]he duty to defend is separate and broader than the duty to indemnify . . . ." *Kvaerner*, 589 Pa. at 330 n.7, 908 A.2d at 896 n.7.[6] Thus, if there is no duty to defend, there is no duty to indemnify. *Id.*

---

[4] The material differences from Stine's first amended complaint is the addition of paragraph 47 which alleges that the repair/body shop is used for the dismantling and recycling operation and the interpolation of the phrase "in use in auto dismantling and recycling operations" in paragraphs 64 and 70-73, which correspond to paragraphs 60, and 65 through 68 of the first amended complaint.

[5] Stine also names as defendants the manufacturer and suppliers of the droplight.

[6] "[T]he duty to defend arises whenever the complaint filed by the injured party may fall within the scope of the policy's coverage, [but] the duty to indemnify is more limited because it arises only if it is established that the insured's damages are actually covered by the terms of the policy." *Allstate Ins. Co. v. Drumheller*, 185 F. App'x 152, 154 n.2 (3d Cir. 2006) (nonprecedential).

7

To determine whether an insurer has a duty to defend, we engage in a two-step process. First, we look at the language of the policy "to determine in which instances [it] will provide coverage." *Kvaerner*, 589 Pa. at 331, 908 A.2d at 896-97. Any ambiguity in the policy language is resolved against the insurer and in favor of the insured. *Id.* at 331, 908 A.2d at 897. Second, we examine the complaint in the underlying action "to determine whether the allegations set forth therein constitute the type of instances that will trigger coverage." *Id.* at 331, 908 A.2d at 896-97.

The four corners of the insurance policy must be compared to the four corners of the complaint. *Penn-America Ins. Co. v. Peccadillos, Inc.*, 27 A.3d 259, 265 (Pa. Super. 2011)(quoted case omitted). An insurer may refuse to defend only when it is clear from an examination of the underlying complaint and the policy language that the claim does not potentially come within the policy's coverage. *Id.* (quoted case omitted). The factual allegations of the underlying complaint are taken as true "and liberally construed in favor of the insured." *Id.* (quoted case omitted)

> B. *The Claim Falls Outside the Scope of Coverage Because Stine Does Not Allege He Was Injured While the Repair/Body Shop Was Being Used in the Auto Dismantling and Recycling Operation*

In moving for judgment on the pleadings, Western Heritage contends that Stine's claim falls outside the scope of coverage because coverage applies only to the auto dismantling and recycling operation, and Stine's allegations in his second amended complaint are essentially the same as in his first amended complaint, that he was injured while repairing a car in the repair/body shop, not while he was engaged in auto dismantling and recycling. Plaintiff maintains it is immaterial that the second amended state-court complaint adds the italicized allegation that the injury occurred while he was working on repairing a vehicle in the repair/body shop *in use in auto*

8

*dismantling and recycling operations at the Darrah Defendants' premises*," because he still alleges he was injured while repairing a vehicle.

In opposing the motion, Defendants make the following two arguments. First, the policy covers the premises, not just auto dismantling and recycling operations. They rely on the same endorsement that Western Heritage does, the endorsement effective August 8, 2004, entitled "Limitation of Coverage to Designated Premises or Project" which leaves the "Premises" box empty but which contains the description of coverage in the "Project" box as: "Auto Dismantling and Recycling Operation." In Defendants' view, since the "Premises" box was left empty, language appearing later in the endorsement incorporated the address of the premises from the Declarations page. That later language reads: "If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement."

In Western Heritage's first declaratory judgment action, we rejected this argument and see no reason to change our conclusion. We stated there:

> The endorsement is entitled in the disjunctive, limiting
> coverage to designated premises or a project, and
> providing boxes to describe the premises or the project.
> The endorsement incorporates the information on the
> Declarations page only when "no entry appears above" in
> the boxes. But as plaintiff Great Western notes, an entry
> does appear above, in the project box, and we reject the
> position that an empty premises box by itself means
> coverage is provided for premises listed in the Declarations
> page. Rather, since the project box contains a description
> of the activity covered, the endorsement limits coverage to
> the project described, the "project shown in the Schedule,"
> the auto dismantling and recycling operation.

*Western Heritage*, *supra*, 2010 WL 4780955, at *4 (M.D. Pa. Nov. 17, 2010).

Defendants next argue that the second amended state-court complaint does allege that Stine's injuries arose out of the Darrah Defendants' automobile

9

dismantling and recycling operations. They point to the following four allegations from the underlying complaint:

> 34. At all times relevant hereto, the Darrah Defendants operated and maintained the premises as a business performing automobile sales, repairs, salvages, and recycling, among other things.
>
> . . . .
>
> 47. The repair/body shop on the premises was used in auto dismantling and recycling operations in that autos were dismantled in the repair/body shop and parts removed from autos in the repair/body shop were recycled, and recycled parts were used in the repair/body shop.
>
> . . . .
>
> 72. On November 26, 2004, Plaintiff . . . was working on repairing a vehicle in the repair/body shop in use in auto dismantling and recycling operations at the Darrah Defendants' premises, and was using the droplight to illuminate the area of his work.
>
> 73. On November 26, 2004, Plaintiff's co-worker cleared a vehicle's fuel line with a compressed air hose causing the contents of the vehicle's fuel line to spray on the droplight and break the droplight's bulb, igniting gasoline around Plaintiff.

(Doc. 1-2, Ex. A, state-court second amended complaint ¶¶ 34, 47, and 72-73).

We disagree that these allegations bring Stine's claim even potentially within the policy's coverage. These averments only establish that the repair/body shop was sometimes used (or was "in use") in the dismantling and recycling operation. That is not enough to establish coverage. Contrary to Plaintiff's position, the mere fact that Stine was repairing a vehicle at the time he was injured does not automatically

preclude coverage, but there has to have been some dismantling or recycling activity going on that gave rise to the injury. There are no allegations in that regard.[7]

### C. *Plaintiff's Other Arguments*

As noted, Plaintiff has made other arguments in support of its motion for judgment on the pleadings. We will treat the first two together. Plaintiff argues that the Employer's Liability exclusion excludes coverage because Stine is an employee of the Named Insured and that Harry J. Darrah, Jr., is not the Named Insured and does not qualify as an insured in his individual capacity for the claims made against him. These arguments involve interpretation of the insurance policy, and while that is the court's responsibility, the arguments cannot be resolved on the pleadings and require consideration of extrinsic evidence. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

Next, Plaintiff argues collateral estoppel would bar Defendants from seeking defense or coverage under the policy. Plaintiff is mistaken. Since the underlying complaint as amended was not litigated in the prior declaratory-judgment action, collateral estoppel cannot be invoked here. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009)(one element of collateral estoppel under Pennsylvania law requires that "the issue decided in the prior case must be identical to the one presented in the later case").

---

[7] We note here that in moving to dismiss Plaintiff's complaint, Defendants elaborated on their coverage position, asserting that there was coverage because "the repair/body shop business was an integral part of the Darrah Defendants auto dismantling and recycling operation," (Doc. 8, Opp'n Br. at p. 2), and because he alleges his injury occurred while working in Darrah's auto dismantling and recycling operation, though he happened to be working in the repair/body shop segment of that operation at the time." (*Id.*, p. 10). We rejected this position in *Western Heritage*, *supra*, 2012 WL 1886665, at *4 (M.D. Pa. May 23, 2012).

11

Finally, Plaintiff argues that Pennsylvania law on "artful pleading" would bar Defendants from seeking defense or coverage. We disagree. Plaintiff cites *Mutual Benefit Ins. Co. v. Haver*, 555 Pa. 534, 725 A.2d 743 (1999), in support, but that case is distinguishable. In *Haver*, the Pennsylvania Supreme Court held that "artful pleadings," complaints presenting only causes of action intended to avoid coverage difficulties for the insured and injured parties, could not be used to determine if an insurer had a duty to defend or provide coverage. *Id.* at 538-39, 725 A.2d at 745-46. Instead, the court had to look at the factual allegations alone. *Id.*, 725 A.2d at 745.[8] In the instant case, Plaintiff asserts that the artful pleading was the filing of the second amended state-court complaint, after we had ruled in the first declaratory-judgment action that there was no coverage. *Haver* does not control here because Stine has not attempted by his choice of a cause of action to defeat a valid claim by Western Heritage that there is no coverage. He has, of course, amended his factual allegations, but factual allegations are the test of coverage. Further, Plaintiff has not shown that Stine's amended pleading was improper under state procedural rules or why this court should ignore what the state court apparently accepted as a valid amended pleading.

We note that Defendants also argue that Plaintiff violated state law by failing to respond in a timely manner to the Darrah Defendants' notice of the filing of the second amended complaint and that discovery is required on this issue. We need not deal with this argument as the Darrah Defendants did not file a counterclaim in this regard.

---

[8] In *Haver*, the plaintiff insurer sought a declaratory judgment that there was no duty to defend or indemnify based on an exclusion for "knowing endangerment." The defendant insured and injured parties argued the exclusion did not apply because they had filed only a negligence action.

12

We will grant Plaintiff's motion for judgment on the pleadings as Plaintiff has no duty to defend or indemnify the defendants.

       /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge

Date: December 6, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN HERITAGE INSURANCE COMPANY,<br>    Plaintiff<br><br>    v.<br><br>HARRY J. DARRAH, JR., t/a DARRAH'S AUTOMOTIVE AND RECYCLING; ESTATE OF HARRY J. DARRAH., JR., Deceased; NEIL ALBERT, ESQ., as Administrator of the Estate of Harry J. Darrah, Jr., Deceased; and JOSEPH STINE,<br>    Defendants | CIVIL NO. 1:11-CV-1539 |

*O R D E R*

AND NOW, this 6th day of December, 2012, it is ORDERED that:

1. Plaintiff, Western Heritage Insurance Company's, motion for judgment on the pleadings (Doc. 21) is granted.

2. It is hereby declared that Plaintiff, Western Heritage Insurance Company, has no duty to defend or indemnify the representative of the Estate of Harry J. Darrah, Jr., and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling in *Stine v. Balkamp, Inc.,* et al., on the second amended complaint in the suit pending against them in the Court of Common Pleas of York County, Pennsylvania, docketed at 2006 SU 3976 Y01.

3. The Clerk of Court shall close this file.

                                           /s/ William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge